**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

**TERRENCE C. JEFFERSON,**

**Plaintiff,**

**v.**                                    **No. 1:25 CV 666**

**BRADY THOMAS,** *et al.*,

**Defendants.**

### OPINION and ORDER

Terrence C. Jefferson, a prisoner without a lawyer, filed a complaint. (DE # 6.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Jefferson alleges that a fire broke out at the DeKalb County Jail after lunch on November 19, 2025. Jefferson was in the shower or dayroom area when the fire started and the lights went out. There was smoke in the shower and dayroom areas. He was told to stay put, but later he was allowed to return to his cell, which had even more smoke than the day room. He was left in his cell for three to four hours before he was sent to Steuben County Jail. Medical care was not offered prior to his transfer. Jefferson

suffers from asthma, and the smoke exposure caused him to have chest pain and a headache. He told a nurse and other staff at the Steuben County Jail about his symptoms, but they allegedly showed no concern.

Jefferson is suing Sheriff Brady Thomas, Lt. Zack Shifflett, and Cop. Carpender (sic), but the body of his amended complaint does not mention any of the defendants. Jefferson does not describe how the defendants were involved in the events that occurred on November 19, 2025. "A plaintiff bringing a civil rights action must prove that the defendant personally participated in or caused the unconstitutional actions." *Grieveson v. Anderson*, 538 F.3d 763, 776 (7th Cir. 2008). There is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. A supervisor can also be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). Because Jefferson has not described how each defendant was personally involved in the events that occurred on November 19, 2025, he has not stated a claim against them.

The amended complaint is short on facts, dates, and specifics about the fire that occurred on November 19, 2025, and how the defendants were involved in the events described in the complaint. Based on what it does say, it is not plausible to infer that any defendant violated Jefferson's constitutional rights. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

If Jefferson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the words "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) **GRANTS** Terrence C. Jefferson until **September 8, 2026**, to file a second amended complaint; and

(2) **CAUTIONS** Terrence C. Jefferson that if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: August 5, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT

4